JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00362 GAF (MANx) | Date | February 8, 2013 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Irma Teresa Garcia et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**      **(In Chambers)**

### ORDER REMANDING CASE

### I.
### INTRODUCTION & BACKGROUND

On September 20, 2012, Plaintiff Federal National Mortgage Association filed an unlawful detainer action in the Los Angeles County Superior Court against Defendant Irma Teresa Garcia. (Docket No. 1, [Notice of Removal ("Not.")], Ex. A [Compl.].) The action was filed as a limited jurisdiction action, seeking no more than $10,000. (Id.) Plaintiff alleges that it, as the beneficiary of Defendant's promissory note, requested a notice of default to be recorded. (Id. ¶¶ 4-5.) Defendant allegedly failed to cure the default and Defendant's property was eventually sold to Plaintiff at a trustee's sale. (Id. ¶¶ 7-8.) Defendant has since refused to quit the premises. (Id. ¶¶ 10-11.)

Defendant, in pro per, removed the action to this Court on January 17, 2013, but failed to allege this Court's subject matter jurisdiction. (Not.) Defendant appears to be invoking both federal question and diversity jurisdiction. (Id.) For the reasons set forth below, the Court concludes, sua sponte, that Defendant failed to establish this Court's subject matter jurisdiction. Accordingly, the Court **REMANDS** the case to Los Angeles County Superior Court.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00362 GAF (MANx) | Date | February 8, 2013 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Irma Teresa Garcia et al | | |

**II.
DISCUSSION**

**A. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b). "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 556 U.S. 49, 50 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28–29. However, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00362 GAF (MANx) | Date | February 8, 2013 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Irma Teresa Garcia et al | | |

**B. APPLICATION**

Defendant first contends that the Court has jurisdiction under 28 U.S.C. § 1443(1). (Not. at 2.) That statute permits removal of civil actions "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Defendant has not indicated in any way whatsoever that she is unable to enforce any civil right in Superior Court. Though Defendant states that "the rules of evidence and civil procedure are applied without equal protection," (id.), Defendant has not indicated how that is the case. The Court finds Defendant's statement that her "rights to equal protection under the law are non-existent in the state court [u]nlawful detainer actions," (id. at 4), entirely unsupported and without basis.

To the extent Defendant seeks to assert federal question jurisdiction, (id.), the Court similarly finds that without basis. It is undisputed that Plaintiff's Complaint does not explicitly plead a federal cause of action. Nor is there any basis for finding that Plaintiff engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981). "An unlawful detainer action is a true state law claim." Homesales, Inc. v. Frierson, No. CV 08-08607, 2009 WL 365663, at *2 n. 8 (C.D. Cal. Feb. 11, 2009). Therefore, removal jurisdiction is lacking, even if Defendants intend to assert a defense based exclusively on federal law. See Valles, 410 F.3d at 1075 ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court."); see also U.S. Nat'l Ass'n v. Almanza, No. 1:09–CV–28, 2009 WL 161082, at *2 (E.D. Cal. Jan. 22, 2009) (remanding state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question"). Accordingly, the Court determines that it does not have federal question jurisdiction.

Furthermore, to the extent Defendant intended to assert diversity jurisdiction with her claim that the amount in controversy could exceed $75,000, (Not. at 3), the Court finds it does not have diversity jurisdiction. Federal courts have subject matter jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 **and** if the matter is between citizens of different states. 28 U.S.C. § 1332(a). The amount in controversy here is no more than $10,000 and Defendant has wholly failed to allege citizenship of any party.

JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00362 GAF (MANx) | Date | February 8, 2013 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Irma Teresa Garcia et al | | |

## III.
## CONCLUSION

    For the foregoing reasons, Defendant has not established subject matter jurisdiction in this case.  Accordingly, the Court **REMANDS** the action to Los Angeles County Superior Court.

    **IT IS SO ORDERED.**